UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 18-14689-B-7
)
JAVIER GONZALEZ, )
)
          Debtor. ) DCN: FW-5
)
)
)
)

**RULING ON TRUSTEE'S MOTION TO COMPEL ANNA GONZALEZ'S RESPONSES TO DISCOVERY REQUESTS**

    The court issued a tentative ruling that Ms. Gonzalez's default on the motion would be entered but that no relief requested by movant would be ordered because Ms. Gonzalez is not a "party" to the Trustee's turnover motion and Ms. Gonzalez is not a defendant in an adversary proceeding brought against her by the Trustee. Hearing on this motion was held October 9, 2019. Appearances were noted in the record. The court took the matter under advisement.

    This motion was set for hearing on 28 days' notice as required by Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of the creditors, the debtor, the U. S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. Cf. Ghazali v. Moran, 46 F. 3d 52, 53 (9th Cir. 1995). (9th Cir. 2006). Therefore, the default of Ms. Gonzalez is

1

entered. Upon default, factual allegations will be taken as true (except those relating to amount of damages). <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F. 2d 915, 917 (9th Cir. 1987). Constitutional due process requires that a movant make a prima facie showing that they are entitled to a default which the movant has done here. But the relief requested cannot be granted as explained below.

The trustee has moved to compel the turnover of property, which was opposed both by the debtor and Anna Gonazlez. Trustee's interrogatories and requests for production in connection with the turnover motion directed to Ms. Gonzalez have not been answered. Doc. #48.

Anna Gonzalez, through counsel, appeared at the first hearing on the turnover motion and opposed the Trustee's request for relief. One ground of opposition was that an adversary proceeding would be the appropriate forum for this dispute. Anna Gonzalez is not a debtor. A request for turnover against a non-debtor must be by adversary proceeding. Fed. R. Bankr. Proc. 7001(1).

The court is aware there is a dispute as to ownership of the property subject to Trustee's turnover motion. An adversary proceeding has not been filed against Ms. Gonzalez. So, even though Ms. Gonzalez has not opposed this discovery motion, it is questionable whether she can be compelled to respond to discovery demands that are only authorized against parties. The docket does not reflect Ms. Gonzalez's agreement to be bound by a ruling on the turnover motion. At oral argument on this motion, Trustee's counsel conceded that but also urged that Ms.

Gonzalez's counsel said at the first hearing on the turnover motion that she would cooperate with discovery requests.

Agreeing to cooperate with discovery requests by a non-party is not consenting to the application of party discovery rules.  Ms. Gonzalez is subject to subpoena under Fed. R. Civ. Proc. 45 (applicable in bankruptcy cases by Fed. R. Bankr. Proc. 9016). On the record at the hearing on this motion, counsel for Ms. Gonzalez stated that he would accept service of a subpoena on behalf of Ms. Gonzalez and that subpoena can include document requests.

Fed. R. Civ. Proc. 37(a)(3)(B)(iii) is made applicable to this contested matter by operation of Federal Rule of Bankruptcy Procedure 9014 and 7037 and permits the Trustee to move for an order compelling answers to interrogatories propounded to a party under Rule 33.

Fed. R. Civ. Proc. 37(a)(3)(B)(iv) is made applicable to this contested matter by operation of Fed. R. Bankr. Proc. 9014 and 7037 and permits the Plaintiff to move for an order compelling production if a party fails to produce documents or failing to permit inspection of documents as requested under Rule 34.

Ms. Gonzalez has not responded to any of the Trustee's communications regarding the production of documents and interrogatories. Doc. #51. But she is not a "party" to the motion and there is no record she has ever agreed to be a party.

At oral argument, Trustee's counsel referred the court to an unpublished Ninth Circuit Bankruptcy Appellate Panel decision, <u>Diatom, LLC v. Committee of Creditors Holding</u>

Unsecured Claims, et al (In re Gentile Family Industries), BAP CC-13-1563-KiTaD, 2014 WL 4091001 (BAP 9th Cir. August 19, 2014). The court has reviewed the Memorandum Decision. It has no precedential value. See 9th Cir. BAP Rule 8013-1. Notably that court found that it was error (albeit "harmless error") for the bankruptcy court to rule on the validity of an unexpired lease in a contested matter. Id. at *5-*6. But that court did not need to reach that conclusion because in Gentile "for all practical purposes an adversary proceeding was held in the case." Id. Not the case here based on the record before the court.

Gentile is also distinguishable. There, objection to the forum was not fully presented to the bankruptcy court. Id. at *6. The parties there had ample time to air their positions which has not occurred here since the underlying issue—ownership of property—has not been tried. Also, in Gentile, there were few material facts and the issue was primarily one of law. Id. Again, not the case here. This dispute is in the early discovery stages. The court is not going to now rule that proceeding against Anna Gonzalez in this contested matter will not affect her substantial rights or be consistent with substantial justice.

Default of Ms. Gonzalez will be entered. No relief will be granted. The court will prepare a separate order.

Dated: Oct 10, 2019

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

4

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U. S. mail.

Javier Ramirez Gonzalez
8531 Road 234
Terra Bella CA 93270

James Edward Salven
PO Box 25970
Fresno CA 93729

David C. Johnston
1600 G Street, Suite 102
Modesto CA 95354

Peter A. Sauer
7650 North Palm Avenue, Suite 101
Fresno CA 93711

Thomas O. Gillis
1006 H St #1
Modesto CA 95354

Office of the U. S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721